**MUAGUTUTIA TUIA, MAGALEI T., AGAILEMALO, UILIATA, MAEA T., Plaintiffs**

v.

**SAVEA MOE, Defendant**

# No. 95-1964

# High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Mapusaga Fou"]

# August 27, 1964

Muagututia Tuia, Counsel for himself, Magalei T., Agaile-
malo, and Uiliata.
Ma'o, Counsel for Maea T.
Apelu, Counsel for Savea Moe.

OPINION OF THE COURT

MORROW, *Chief Justice.*

On April 16, 1964 Savea Moe filed an application
with the Registrar of Titles to have certain land described
as Mapusaga Fou in the Western District of Tutuila regis-
tered as the communal family land of the Savea Family. The
application was accompanied by a survey of the land. How-
ever, the survey was not accompanied by a valid "certificate
of the surveyor and the pulenu'u of the village in which or
nearest to which the land is located, to the effect that the
pulenu'u gave public oral notice in the village at a meeting
of the chiefs thereof of the time and place of the intended
survey in order that other interested landowners might
have an opportunity to be present thereat," as required by
Section 10.0112, A. S. Code of 1961. However, there was
filed with the survey a similar certificate to the effect that
such notice was given on April 24, 1963. The survey was
made on August 17, 1946. Obviously, the certificate filed
does not comply with the statute, the notice having been
given almost 17 years after the survey was made. The area
of the land included in the survey is 11.20 ± acres.

Muagututia Tuia filed an objection to the proposed registration claiming that a part of the land proposed to be registered was the property of the Muagututia Family. The other objectors, viz., Magalei T., Agailemalo, Uiliata, and Maea T., filed objections, each of them claiming that he had a better right to the land than Savea.

At the beginning of the hearing, the Court assured itself that Muagututia Tuia, as counsel for himself and three of the other objectors, was not representing adverse interests.

■ Savea claims that his father and brothers cleared the land involved from the virgin bush about 1900, put in plantations on the cleared land, and claimed it as the communal family land of the Savea Family. However, the only evidence as to this was the testimony of Tanu, Savea's son, who is 48 years old and who was born 16 years after 1900. His testimony was based on hearsay and not on his own knowledge.

We believe that the weight of the evidence is clearly to the effect that the land was cleared from the virgin bush about 1916 by Agailemalo (hereinafter called Siufanua, which was his former title) and certain other chiefs, some from Faleniu, some from Pavaiai. We also believe that the weight of the evidence is to the effect that after the clearing, Siufanua and the various other chiefs put in plantations on different parts of the cleared land, each claiming a separate part for himself.

■ This Court has held a number of times that the Samoans acquired title to their land through first occupancy coupled with a claim of ownership. *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.); *Faataliga v. Fano*, No. 80-1948 (H.C. of Am. S.). See 2 Blackstone 8; Maine's Ancient Law (3rd Am. Ed.) 238.

In 1943, during the war, a number of people living in Mapusaga Tuai were moved by the Government from Ma-

pusaga Tuai to Mapusaga Fou, which is the land involved in this case. Some of these people were from Western Samoa. The remainder were American Samoans. The school at Mapusaga Tuai was also moved to Mapusaga Fou.

Siufanua testified that the school was moved under his authority without objection by anyone. It appears that before the actual removal of the school and people, Siufanua consulted with a number of chiefs from Pavaiai who agreed to the removal to Mapusaga Fou when Siufanua told them he had already approved the removal. Among the Pavaiai chiefs consulted by Siufanua were Tua, Toluao, Muagututia, Poloai, and Faimalo. Savea claims that the removal was under his authority. However, despite Savea's claim, we believe that the weight of evidence is to the effect that Siufanua and the Pavaiai chiefs consulted by Siufanua gave the authority and not Savea. Savea may have had something to do with the removal, but we are convinced from the evidence that the actual authority came from Siufanua and the Pavaiai chiefs consulted by him, and that anything done by Savea in connection with the removal was the result of his having consulted with Siufanua and upon the authority of Siufanua.

We believe from the evidence that the dividing line between the Village of Pavaiai and the Village of Faleniu passes through the land Mapusaga Fou substantially from north to south and that the land on the west side of such line is the property of certain Pavaiai chiefs including, among others, objector Muagututia, and that the land on the eastern side of such dividing line is the property of certain Faleniu chiefs, Siufanua and Moea'i being two of such chiefs.

Section 10.0112, A. S. Code of 1961, provides that:

"The owner of any land in American Samoa not previously registered may register with the Registrar of Titles his title thereto. No title to land shall be registered unless the Registrar is satisfied

that there are no conflicting claims thereto and *unless the description clearly identifies the boundaries of the land by metes and bounds* (emphasis added)."

■ It is obvious from our conclusions from the evidence that we must deny the application of Savea to register the land Mapusaga Fou, as shown on the survey, as the communal land of the Savea Family. Since we have concluded that a number of Pavaiai chiefs including objector Muagututia as well as Siufanua and other Faleniu chiefs own lands within the surveyed tract which are not identified in the survey by metes and bounds, it follows that the survey does not identify by metes and bounds any land, if any, which Savea may own within the survey.

■ It is not necessary for the Court to determine whether Maea T. has, or does not have, any land in the surveyed tract since the application of Savea to register must be denied.

### DECREE

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that the application of Savea Moe to register the land described as Mapusaga Fou in the Village of Mapusaga Fou in the Western District as the communal family land of the Savea Family be and the same is hereby denied.

The Registrar of Titles will be advised of this decree.

Costs in the sum of $25.00 are hereby assessed against Savea Moe, the same to be paid within two weeks.